FILED

February 26 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 07-0196

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 73N

BOOMER OIL & GAS, INC.,

Plaintiff and Appellee,

v.

ROBERT E. SURWILL, DEBBIE D. SURWILL, et al.,

Defendants and Appellants.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 05-1014,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Peter T. Stanley, Attorney at Law, Billings, Montana

For Appellee:

Bruce F. Fain, Murphy, Kirkpatrick & Fain, P.L.L.P.,
Billings, Montana

Submitted on Briefs:  January 8, 2008

Decided:  February 26, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Yellowstone County issued a tax deed against property owned by Robert and Debbie Surwill ("the Surwills"), and subsequently assigned the deed to Boomer Oil and Gas, Incorporated ("Boomer"). Boomer brought this action to quiet title, and moved for summary judgment. In response, the Surwills argued that the tax deed was invalid. The District Court granted Boomer's motion for summary judgment, and issued a judgment quieting Boomer's title to the property, which the Surwills now appeal.

¶3 The Surwills claim the tax deed was invalid because the statutory requirements for notice were not met. Section 15-18-212, MCA, provides in relevant part: "Not more that 60 days prior to and not more than 60 days following the expiration of the redemption period . . . notice must be given[.]" The Surwills' redemption period expired July 19, 2005. The notice was dated May 20, 2005, but the County Treasurer mailed the notice on May 19, 2005. The Surwills argue that the notice is invalid because it was mailed too early: sixty-one days before the expiration of their redemption period, instead of sixty days prior to the expiration.

¶4 Nothing in § 15-18-212, MCA, states that the notice must be *mailed* within the redemption period. Similarly, nothing in the statute says that the notice is effective upon mailing. The Surwills do not dispute that the U. S. Post Office left the certified mail notice at their home on May 20, 2005. Notice was given to the Surwills within the statutorily prescribed notice period, thus, their argument is without merit.

¶5 The Surwills also argue that the tax deed is invalid, because the names on the tax deed and the certificate of tax sale do not match: one lists "Debbie Surwill" as the owner, while the other lists "Debbie D. Surwill" as the owner. Section 15-18-213, MCA, provides that the tax deed must set forth the name of the former owner of the property. Here, there is no doubt that the deeds refer to the same person. There is no claim of mistaken identity; the Surwills simply argue that the County failed to strictly comply with the statute. This argument is frivolous and does not merit further discussion.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. The District Court did not abuse its discretion by granting Boomer's motion for summary judgment, and issuing the order quieting title to the property. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE